Lenora A. Stufflebeam, Appellee, v. William R. Jewell, Jr., Appellant.

INSTRUCTIONS—*when as to determination of value of attorney's services misleading.* An instruction upon this subject which among other things tells the jury that they are authorized to consider their "own personal experience and knowledge, if any, of the value of such services," *held,* misleading in this case as tending to lead the jury to believe that they were not in any way bound by the testimony of the attorneys given in the cause upon the question as to the usual and customary fees for such services as were rendered.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

H. M. STEELY, for appellant.

ALBERT PAYNE and A. B. DENNIS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellant, acting as attorney for appellee, collected for her the sum of $2,500. In accounting for the same he retained the sum of $500 which he claimed was due him for professional services in certain litigation in which he was employed by her to represent her interests. Appellee denied such employment, and brought the present suit in assumpsit against him for the amount which he retained. Upon trial by jury, judgment was rendered against appellant for $350.

It is apparent that the jury found from the evidence that appellant was employed by appellee, and that the reasonable value of the services rendered by him was $150. We think the evidence was sufficient to warrant the jury in the former finding, and no cross errors are assigned. It is urged by appellant as ground for reversal, that the finding of the jury upon the latter ques-

tion is manifestly against the evidence, and this is the only question argued by counsel in this court. In the absence of any agreement between the parties as to the fee which appellant should receive for his services, he became entitled to receive what the same were reasonably worth. Several members of the bar called by appellant testified that the sum of $500 was the reasonable, usual and customary fee in cases of the character in question, where the matter was the subject of a prior contract. No evidence was introduced by appellee upon the question.

The first instruction given for plaintiff in substance told the jury that if appellee employed appellant to act as her attorney in certain litigation, and there was no agreement between them as to the fee to be charged by appellant for his services, then in determining what would be a reasonable fee for the same, they were not precluded by the testimony of attorneys as to the value of such services, but had a right and it was their duty to take into consideration all other evidence and circumstances in the case bearing upon the value of such services; that it was their duty to weigh all of the evidence bearing upon the question with reference to the nature of such services, the time occupied in their performance, and other attending circumstances, and that they might apply to it their "own personal experience and knowledge, if any, of the value of such services". It so clearly appears from the evidence that the amount allowed for the services of appellant was inadequate, that we are impelled to the conclusion that the jury were misled by the foregoing instruction, to believe that they were not in any way bound by the testimony of the attorneys upon the question as to the usual and customary fees. The opinions of members of the bar as to the reasonable value of legal services, based upon the usual and customary charges therefor, for similar services, are clearly competent and should be considered by the court or jury, together with all the other

facts and circumstances proven in the case, in determining the value of legal services and fixing a reasonable fee therefor.

The court erred in giving the instruction in question, to the manifest prejudice of appellant, and the judgment must be reversed and the cause remanded.

*Reversed and remanded.*